IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEHINDE MCALLISTER,**

       **Petitioner,**

                                  **CASE NO. 2:07-CV-924**
    **v.**                                 **JUDGE WATSON**
                                    **MAGISTRATE JUDGE KING**

**JEFFREY WOLFE, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, petitioner may delete his unexhausted claims from the habeas corpus petition and proceed on his remaining exhausted claims.

## PROCEDURAL HISTORY

Petitioner was indicted by the September 2003 term of the Franklin County grand jury on two counts of aggravated murder, in violation of O.R.C. §§2903.01 and 2903.03, and one count of kidnapping, in violation of O.R.C. §2905.01. *Exhibit 1 to Return of Writ*. While represented by counsel, on October 13, 2004, petitioner pleaded guilty to voluntary manslaughter, in violation of O.R.C. §2903.03. On December 3, 2004, the trial court sentenced petitioner to eight years incarceration. *Exhibits 3 and 4 to Return of Writ*. Petitioner did not file a timely appeal. On June 16, 2006, petitioner filed a motion for re-

sentencing.  *Exhibit 5 to Return of Writ.*  On July 26, 2006, the trial court dismissed petitioner's motion as an untimely post conviction petition.  *Exhibit 7 to Return of Writ.*  Petitioner filed a timely appeal from that decision, *Exhibit 8 to Return of Writ,* in which he raised the following assignment of error:

> The trial court improperly denied a re-sentencing hearing for a sentence that is contrary to law.

*Exhibit 9 to Return of Writ.*   On April 17, 2007, the appellate court affirmed the trial court's judgment.  Petitioner filed a timely appeal with the Ohio Supreme Court, raising the following propositions of law:

> 1. The trial court improperly denied relief sought.
>
> 2. The sentence is contrary to *Comer, Foster, Blakely*.
>
> 3. The appeals court improperly rendered the[ir] decision and abused their discretion which caused a miscarriage of justice.

*Exhibit 14 to Return of Writ.*  On August 29, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 16 to Return of Writ.*

On September 13, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of right of appeal.
>
> I was denied an appeal and could only file for relief through the state courts to argue my sentence.

>   2. The lower appeals courts improperly denied relief constitutionally entitled.
>
>   My sentence is contrary to law and the appeals courts abused their discretion by denying such relief sought.
>
>   3. Sentence is contrary to laws and constitution.
>
>   My sentence is contrary to law and constitution and also the mandates of the Supreme Court.
>
>   4. The Supreme Court's denial was an abuse of discretion.
>
>   The appeals court of the Ohio Supreme discriminated and unequally denied relief mandated.

It is the position of the respondent that petitioner's claims are barred by the one-year statute of limitations under 28 U.S.C. §2244(d), procedurally defaulted, or not cognizable in federal habeas corpus review.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has

properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

In claim one, petitioner asserts that he was denied his right to appeal. This claim has never been presented to the state courts. In claim three, petitioner asserts that his sentence is illegal. This claim, being readily apparent from the face of the record, would be properly raised on direct appeal. Petitioner to date has not sought an appeal of his conviction and sentence. Further, he may still pursue a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A) in the state appellate court. Therefore, this action remains unexhausted.

Although the statute of limitations may bar petitioner from re-filing his habeas corpus petition upon exhaustion of state court remedies as to his claims, the record nonetheless does not reflect that a stay of proceedings is appropriate. In *Rhines v. Weber,* 544 U.S. 269 (2005), the United States Supreme Court held:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 ("[D]iminution of statutory incentives to proceed first in state court would • • • increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> ***
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id.*, at 277-278.  In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated:

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

As of yet, there is little guidance as to what constitutes good cause for failing to exhaust state court remedies. *See Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D.Nevada 2006) and cases cited therein. However, the record does not indicate that petitioner can establish cause for failing to pursue a delayed appeal from his December 3, 2004, judgment entry of sentence to date. The record likewise fails to reflect that petitioner's unexhausted claim is potentially meritorious. Petitioner signed an Entry of Guilty Plea acknowledging that he understood his appellate rights as well as the time period to file an appeal. *See Exhibit 3 to Return of Writ.*

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, petitioner may delete his unexhausted claims from this habeas corpus petition and proceed on his remaining exhausted claims.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


<u>October 8, 2008</u>                                                           <u>  s/Norah McCann King        </u>
                                                                                            Norah McCann King
                                                                                            United States Magistrate Judge